IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ANTHONY BRODZKI,** | ) | CASE NO. 1:11CV0584 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A GAUGHAN |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **STATE OF OHIO,** | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

### Introduction

This matter is before the Court upon plaintiff's *pro se* Complaint (Doc. 1). For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1367(c)(3). Also before the Court is Plaintiff's Motion to proceed *In Forma Pauperis*. (Doc. 2).

### Facts

Plaintiff *pro se* Anthony Brodzki filed this action against the State of Ohio. The following is taken from the Complaint:

> The state patrol has impeded me, forced me to leave the state, on recent visits, called me on My cell phone and told me I was an undocumented pedophile and pulled my penis out in public place and was not welcome in the state. Both acts occurred when I was 17 year old. I DID NOT COMMIT THESE CRIMES. He would be the pedophile. I am now 50 years old. Marshall Pearl Coyne, a marshal in tetco, Richmond Hills Texas told me it was back taxes time. This is outrageous, judge... They are harassing me with what I supposedly did or did not do as a 17 year old minor in Illinois.

Plaintiff seeks $5,000,000.00 in damages under 42 U.S.C. § 1983. Included are state claims for emotional infliction of stress, assault and battery, false imprisonment of the mind, defamation and

slander. He also requests that "all hostility be stopped electronically and personally against me."

**Discussion**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). For the reasons stated below, this action is dismissed pursuant to section 1915(e).

District courts are not required to conjure up questions never squarely presented to them or to construct full blown claims from sentence fragments. *Id.* at 1278. To do so would "require ...[the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would...transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278. Moreover, legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *see Place v. Shepherd*, 446 F.2d 1239 (6th Cir. 1971) (conclusory section 1983 claim dismissed).

The sole Defendant is the State of Ohio. The Eleventh Amendment to the United States Constitution prohibits a citizen of a state from suing that state, or one of its agencies, in federal court unless the state consents to such suit or there is an express statutory waiver of immunity. *Hans v. Louisiana,* 134 U.S. 1(1890); *Jacobs v. Ohio Dept. of Rehabilitation and Correction*, 2009 WL 3126285 * 3 (S.D. Ohio, Sep.23, 2009) (citing *Pennhurst State School & Hosp. v. Halderman,* 465 U.S. 89, 98-99 (1984)). The State of Ohio has not consented to suit in federal court. *Jacobs*, 2009

WL 3126285 at * 3.

A state is not subject to an injunction. In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 n. 10 (1989), the Court stated: [a] state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' " (quoting *Kentucky v. Graham,* 473 U.S. 159, 167 n. 14 (1985)). *Barachkov v. 41B Dist. Court*, 311 Fed.Appx. 863, 872-873 (6th Cir. 2009).However, no state officials are named.

Plaintiff has included state claims for emotional infliction of stress, assault and battery, false imprisonment of the mind, defamation and slander. There are no facts supporting these claims. Further, when a federal claim against the defendant is dismissed, the pendent state claims should be dismissed as well. *United Mine Workers v. Gibbs,* 383 U.S. 715 (1966).

### **Conclusion**

Accordingly, plaintiff's Motion to Proceed *In Forma Pauperis* is GRANTED. This action is DISMISSED pursuant to 28 U.S.C. § 1915(e). Since the Court has granted judgment on the federal claims, the state pendent claims are hereby DISMISSED pursuant to 28 U.S.C. § 1367(c)(3). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date: 4/20/11 /s/ Patricia A. Gaughan  
PATRICIA A.GAUGHAN  
UNITED STATES DISTRICT JUDGE